The next case is People v. Hotwagner Mr. Wells will do. Okay, when you are ready, please proceed. May I please report, counsel? My name is Larry Wells. I represent the defendant, Mr. Hotwagner, in this cause. Mr. Hotwagner was convicted of a Class X felony. He pled guilty. He did not take a direct appeal. He filed a post-conviction petition which alleged that his guilty plea was involuntarily taken. He alleged in his post-conviction petition that his guilty plea was taken in violation of his Sixth Amendment right to counsel. The state filed a motion to dismiss the post-conviction petition. There was a hearing and the state's motion to dismiss was granted. The facts here are really pretty simple. Mr. Hotwagner had the right to counsel. He asserted his right to counsel. He had counsel appear for him several times. The case had progressed so far that it was set for a final retrial. But about a month before that, his lawyer filed a motion to withdraw on the grounds that Mr. Hotwagner had not paid the legal fees. There was a hearing on the motion to withdraw. Mr. Hotwagner was not present. The court granted the motion to withdraw with the provision that the attorney comply with Supreme Court Rule 13 to provide notice of offense and so on. And I believe that the state is going to admit here that the order that was sent to Mr. Hotwagner in prison was improperly addressed. And so the court order about the withdrawal of his attorney was returned. So Mr. Hotwagner appears at the courthouse under a rib for the purpose of final retrial. He talked to his lawyer, finalized the jury trial matters. But to his surprise, he's ambushed in the hallway just outside the courtroom by the prosecutor. So am I correct that he didn't go into the courtroom? The judge say to him, your lawyer's withdrawn. Maybe you didn't know that. You have a right to another attorney. Or you can talk to the state. That didn't happen. That did not happen. That did not happen. The prosecutor confronted the defendant with this shocking fact, telling him, your lawyer's abandoned you. And then with an ultimatum. I gave you a one-time only offer. You plead guilty today for 12 years or next week, you're going to be found guilty of the jury trial. I'm going to make sure you get at least 20 years. That's the situation that was confronting Mr. Hotwagner. Now, I point out initially that this is highly misleading because it suggests that Mr. Hotwagner has to either go pro se in a week or have new counsel who's got to have a trial in a week and he can't be ready. And that's certainly not happening. But most importantly, significantly here, is that Mr. Hotwagner had asserted his right to counsel. And he did not initiate the plea negotiations. We cite the case of People v. Card, which says that where the defendant has the right to counsel, he asserts his right to counsel. And then there's a negotiation between the state and the defendant, personally, that the resulting guilty plea is involuntary unless the defendant initiated the negotiations. Well, here, I don't think the state's even making the argument that the defendant initiated the negotiations. The prosecutor came into court and said, I met the defendant in the hallway and we had a plea negotiation. So you have a situation where the defendant asserted his right to counsel. He did not initiate. The state doesn't dispute those. The state does not dispute the authority of card. They don't say the card decision was wrongly decided. So you might wonder, well, if the state isn't arguing that the defendant initiated and they don't disagree with card, what are they arguing? Well, they're arguing waiver. They say that this is a claim that's being made for the first time on appeal, so you shouldn't consider it. I point this forth to RC 97, the defendant's post-conviction petition. He alleges, quote, State's attorney spoke with Mr. Hotwagoner without his attorney being present and obtained the guilty plea with Mr. Hotwagoner without his attorney being present, which violated Mr. Hotwagoner's right to counsel. Close quote. RC 97. So it's alleged in the post-conviction petition it's supported by the affidavit. And at the hearing on the state's motion to dismiss, the defense attorney argued against the motion to dismiss, saying, quote, that was a violation of Mr. Hotwagoner's six-minute right to counsel right there. His right to counsel had already been violated by the state's attorney. But we're talking about the negotiation in the hallway. So the state's claim that this is waived, it wasn't raised before, has just got no merit whatsoever. It was raised. We're raising exactly that claim, that there's a six-minute violation because of negotiation in the hallway and the pleas involuntary. Now, because of this unique situation where the state does not dispute the authority of card and where they're not asserting that the defendant initiated the negotiations, it would be contrary to the interest of judicial economy to remand this case for further proceedings on the post-conviction petition. This is a situation where the record itself shows that he's entitled to have his guilty plea vacated. We'd ask this court to vacate the guilty plea. Now, in the alternative, of course, we're arguing that it could be remanded because since the record shows he's actually entitled to have his guilty plea vacated, he certainly has established a substantial claim for release. So we'd ask this court to either vacate the guilty plea outright or at least remand this case for further proceedings. Thank you. Jennifer Camden on behalf of the people. May it please the court? Counsel. The reply read at page 8 says that there's no dispute that the defendant was the recipient of a threat before this plea hearing. However, this assertion is disputed by the record of the plea hearing itself in which the defendant told the court that he had not been threatened or coerced. This assertion need not be taken as true, the assertion in the petition, because it is rebutted by the record. The defendant's assertion that the prosecutor presented the defendant with a, quote, one-time offer is something that's responded to in the people's answer brief, but it's not, that was not asserted in the post-conviction petition. The reply brief at page 2 states that the state did not deny making these statements, but the state's motion to dismiss is not the vehicle for such denials. The issue before the circuit court and before this court is the legal sufficiency of the post-conviction petition. The reply brief at page 8 suggests that this court should order an evidentiary hearing under People v. Williams, Illinois Supreme Court, from 1970. But in Williams, the Supreme Court found that an evidentiary hearing was warranted because the record was, quote, meager and the defendant's claim about a threat or coercion was not negated by the record. Whereas in this case, of course, the transcript of the plea hearing is in the record and negates the claim. The reply brief argues that the state inaccurately construes the supplemental brief as making out a claim based on the factual theory that the defendant was unrepresented during this conversation with the state. But the state's reading of the supplemental brief was based on the language, on its language in cited cases. The supplemental brief claimed that the defendant was, quote, without counsel and invoked Edwards and Carr, two cases in which the defendant was without counsel based on this reading. The state argued in the supplemental answer brief that the factual theory of this claim did not appear in the post-conviction petition. The reply brief purports to clarify this ambiguity of claims that Cunningham, the attorney Cunningham, remained defendant's attorney during this conversation with the state and states that Edwards controls whether or not counsel represents the, represented the defendant. This is a new claim not raised in the supplemental brief. As sole support for the contention in the reply brief, the defendant cites footnote eight of Edwards. But the defendant went out of his way to omit footnote eight of Edwards from the supplemental brief. On page four of the supplemental brief, the defendant cites a block quote from Edwards, including the sentence immediately before and immediately after footnote eight, but omits footnote eight from the supplemental brief. Now in the reply brief, footnote eight is the sole legal basis for the claim that the defendant says in the reply brief that he intended to make all along. This court should not consider the supplemental claim raised for the first time in the reply brief, particularly where this court already granted to the defendant his motion for leave to file a supplemental brief. And even if the reply's new claim appears in the supplemental brief and is not forfeited for that reason, it certainly doesn't appear in the post-conviction petition, which does not clearly set forth the reply brief's claim that the state initiated plea negotiations with the, with an unrepresented defendant who had requested counsel. Post-conviction petition must clearly set forth respects in which petitioner's constitutional rights were violated under the Illinois Supreme Court's Jones decision. The Illinois Supreme Court and the appellate courts have rejected attempts on appeal to craft different legal claims based on the same general facts alleged in a post-conviction petition. And in this case, the amended post-conviction petition does not cite Edwards and Card, does not allege that the state initiated any conversation with the defendant at all, let alone initiated plea negotiations. It does not allege the defendant had already requested counsel. The post-conviction petition alleges only that the state, quote, spoke with defendant and, quote, obtained a plea. As additional proof that the post-conviction petition does not clearly set forth the present claim, the defendant now claims that it does not matter whether Cunningham remained defendant's attorney. But it mattered very much in the post-conviction petition, which alleged Rule 13 violations so that it could argue that the withdrawal order was null. And the Sixth Amendment claims alleged in the post-conviction petition flowed from that argument. The motion to dismiss was argued based on whether or not Cunningham remained defendant's attorney. And the court found as positive its conclusion that Cunningham did not remain defendant's attorney. So that's additional proof that the present claim was not clearly set forth in the post-conviction petition. By the same token, the petition does not make out a substantial showing of a constitutional violation. After all, under Card and Edwards, the key is whether the state initiates a plea negotiation. And again, the petition alleges only that the state, quote, spoke with the defendant. So therefore, the post-conviction petition is legally insufficient. It's well-plugged facts do not set forth a substantial showing of a constitutional violation. And this court should affirm the dismissal of the petition. Also, the reply brief argues that the state has conceded the merits of this claim. Of course, the merits are not before this court. And we're not before the trial court at the second stage. Again, we're only to consider the legal sufficiency of the petition. The defendant argues for the first time in the reply brief that this court should vacate the plea. Of course, the people contest that this form of relief would be proper, even if this court were to find that the defendant was entitled to some form of relief. And as one final note, in the opening brief, the defendant claimed that Attorney Cunningham failed to give notice of the motion, failed to give the defendant notice of the motion to withdraw. The people's answer brief responded that the claim was forfeited and also rebutted by the record. The reply brief, page 7, argues that the claim is not forfeited because the post-conviction petition alleged that the defendant was surprised when he found out that the motion had been granted. But that was an allegation regarding notice of the withdrawal order, not notice of motion. The allegation regarding notice of motion was not raised in the post-conviction petition. And, in fact, the judge specifically found as a fact that proper notice of the motion was given to the defendant. So for these reasons and the reasons in the people's brief, we respectfully request that this court affirm that it's been solved. Thank you. Rebuttal, please. Well, Illinois is a factual pleading state. The defendant doesn't have to cite to Edwards. He doesn't have to cite to Card. He doesn't have to cite to any case law. He has to cite facts, and he cited the facts. He alleged, this is the first knowledge I have that I no longer have legal representation. He's talking about the meeting with the prosecutor just outside the courtroom. And the prosecutor himself said, I spoke with Mr. Hotwagner outside the court. So the facts are undisputed. The defendant here shows up for the final pretrial, is surprised to find out that he doesn't have an attorney, and he's confronted by the prosecutor who tells him that he's got one chance to make a deal. That's the situation that's here. I don't think that anything the state said is in any way limits the application of Card. I think that the holding of Card is perfectly good, and the state's concession, the prosecutor's concession, at the beginning of the guilty plea hearing, is enough to show that the state initiated it. The defendant was surprised. The state initiated it, and his allegation, I've read it before, the state's attorney spoke with Mr. Hotwagner without his attorney being present and obtained the guilty plea without his attorney being present, which violated Mr. Hotwagner's right to counsel. That's a sufficient allegation of a Sixth Amendment violation, and the facts themselves are alleged right in the post-conviction or conceded by the state. So unless there's further questions. Thank you. Thanks to each of you for your arguments this morning. We'll take the matter under advisement to provide you with a decision as soon as possible. Thank you.